IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-311-FL

| | | |
|---|---|---|
| DORIS MERCER and STEPHEN MERCER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| WAL-MART STORES, INC., | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant's motion to dismiss claims for punitive damages. (DE 11). The court has considered the issues raised without awaiting response by plaintiffs, and for the following reasons denies defendant's motion.

Where nothing in the complaint suggests malice or fraud, the court considers whether the complaint alleges willful or wanton conduct. See N.C. Gen. Stat. 1D-15(a). The scattered, conclusory allegations of recklessness in themselves do not raise a genuine issue of willful or wanton conduct. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009). Nor are allegations that defendant violated safety codes and internal procedures, without alleged facts suggesting that defendant consciously violated these procedures with knowledge of the probable consequences. See Yancey v. Lea, 354 N.C. 48, 52-53 (2001); see also Faris v. SFX Entertainment, Inc., No. 3:04-CV-8, 2006 WL 3690632, at *5 (W.D.N.C. Dec. 12, 2006); Schenk v. HNA Holdings, Inc., 170 N.C. App. 555, 561 (2005); Cacha v. Montaco, Inc., 147 N.C. App. 21, 33 (2001).

The complaint contains allegations that defendant's managers allowed employees who were unpacking to take a lunch break without cleaning up debris caused by the unpacking, which led to plaintiff's fall. While this may show some degree of manager participation or condoning of the conduct that led to injury, see N.C. Gen. Stat. 1D-15(c), it does not show that the managers or the employees unpacking the crate acted willfully or wantonly. Similarly, allegations that the managers apologized and recognized that they should have taken different steps to prevent the accident, may be sufficient to show negligence, but not willful or wanton conduct.

However, the punitive damages claim is sustained by paragraph 15 of the complaint. This paragraph alleges that, after viewing plaintiff's fall, an employee of defendant told plaintiff that he had seen people fall before, and he "had even slipped on debris that was left on the floors after unpacking crates." He allegedly stated that Wal-Mart "was never concerned about boxes or debris in aisles or in the middle of the floor where customers had to walk" and that Wal-Mart "didn't even care for their employees' safety." When viewed in the context of plaintiff's recent slip, and when all of these statements are considered together and viewed in the light most favorable to plaintiff, the complaint permits an inference that defendant acted with conscious disregard of its customers' safety with respect to maintaining its premises.

Accordingly, based on the foregoing, defendant's motion to dismiss plaintiff's claim for punitive damages (DE 11) is DENIED. As per the court's initial order regarding planning and scheduling, the parties' joint report and plan is due August 18, 2015.

SO ORDERED, this the 12th day of August, 2015.

LOUISE W. FLANAGAN
United States District Judge